JUSTICE RICE,
concurring.
¶24 I concur with the Court’s holdings, but I reach those conclusions via slightly different reasoning.
¶25 Schreiber devised the lots, as well as any receipts, proceeds or deposits arising out of the sale or disposition of the lots, to a grandchild and great grandchildren. The Court sees the proceeds provision as having the effect of “reinforcing]” the presumption against ademption, Opinion, ¶ 14, but I consider the proceeds to be, not merely an enhancement of the devise of the lots, but a specific devise itself to which the anti-ademption statute must be applied. In other words, had Schreiber’s Will simply stated, “I give the proceeds of the sale of my lots” to the devisees, the proceeds would clearly stand on their own as a specific devise. That is the same situation that developed here, following the sale of the lots, and I believe the proceeds should be analyzed in that way.
¶26 John took the position that the proceeds of the lots had to be traceable for the devise to be valid. The Court rejects this position, *181 reasoning that the Will imposed no tracing requirement and that “by insisting on tracing the proceeds of the sale, John effectively interpreted this provision [regarding proceeds] out of the Will.” Opinion, ¶ 15.1 also reject John’s position that the proceeds had to be traceable for the devise to be valid, but I would not go so far as to say that tracing itself was inappropriate merely because the Will imposed no such requirement. Rather, I believe the effort to trace the proceeds was an appropriate tool in gathering evidence and making a determination from “the facts and circumstances” whether “ademption of the devise was intended by” Schreiber or was “consistent with [Schreiber’s] manifested plan of distribution.” Section 72-2-616(l)(f), MCA. Had the proceeds been traceable and found to be preserved intact, the case against ademption would have been strengthened to a certainty. Here, while the proceeds could not be traced, that fact alone, in my view, did not overcome the presumption against ademption, given that sufficient other cash monies were held by the Estate to permit distribution of “the value of the specifically devised property.” Section 72-2-616(l)(f), MCA. Again, the specifically devised property for this analysis is, not the lots, but the proceeds.